UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>            Plaintiff,<br><br>       v.<br><br>EDMUND F. BRENNAN – U.S. magistrate judge, and MORRISON C. ENGLAND, JR. – U.S. district judge,<br><br>            Defendants. | No.  2:15-cv1640 KJM AC (PS)<br><br><u>ORDER and FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 2.  This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

## I. SCREENING STANDARD

The federal in forma pauperis statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.
5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
8  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
10 this standard, the court "must accept as true all of the factual allegations contained in the
11 complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56),
12 construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon
13 Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all
14 doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital
15 Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).  The court need not accept as true,
16 legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643
17 F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is entitled to notice of the deficiencies in the
18 complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by
19 amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
20                    II.  ALLEGATIONS OF THE COMPLAINT
21      On January 9, 2013, plaintiff filed a lawsuit in this court against his former employer.
22 Complaint (ECF No. 1) ¶ 4; see Portnoy v. Veolia Transportation Services, Inc., 2:13-cv-0043
23 MCE EFB (E.D. Cal.).  On January 15, 2015, the defendant magistrate judge assigned to the case,
24 Hon. Edmund F. Brennan, dismissed the complaint "with leave to amend with intent to clarify
25 diversity jurisdiction."  Complaint ¶ 6.  Plaintiff filed his first amended complaint, and on
26 February 5, 2013, the magistrate judge again dismissed "with leave to amend, with intent to
27 clarify diversity jurisdiction."  Id. ¶¶ 7 & 8.  Plaintiff filed his second amended complaint, and on
28 ////

March 5, 2013, the magistrate judge ordered that complaint to be served on defendant. Id. ¶¶ 9 & 10.

Plaintiff then filed his third amended complaint, in October 2013. Id. ¶ 12. On February 4, 2014, after defendant moved to dismiss the second amended complaint, the magistrate judge struck the third amended complaint. Plaintiff alleges that this was done in violation of Fed. R. Civ. P. 15(a), and that the magistrate judge "deliberately lied." Id. ¶ 19-21. In the same order, the magistrate judge recommended that plaintiff's complaint be dismissed with prejudice on res judicata grounds. Portnoy, 2:13-cv-0043, ECF No. 43. Plaintiff alleges that these Findings and Recommendations were a "Fraud upon the Court by an Officer of the Court." Complaint ¶ 29.

On March 28, 2014, the defendant district judge assigned to the case, Hon. Morrison C. England, adopted the Findings and Recommendations. Complaint ¶ 30. Plaintiff alleges that this was "a false order," issued "in violation of his de novo responsibilities," and done under the "Rubber Stamp Doctrine." Complaint ¶ 30. On September 22, 2014, an appellate panel of "Tallman, Clifton, and Nguyen, Circuit Judges," summarily affirmed the "'False Order,'" "in violation of their de novo responsibilities," and under the "Rubber Stamp Doctrine." Id. ¶ 24.

Plaintiff filed this lawsuit under the authority of Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). Complaint at 1. The complaint alleges that defendants violated plaintiff's Fifth Amendment due process rights by striking the third amended complaint, by invoking res judicata to dismiss the case, by dismissing his case without a hearing, by issuing a dismissal order that was a "'fraud upon the court,'" by failing to address key issues, and by failing to be an honest tribunal. Complaint at 8-22. Plaintiff further alleges that this conduct violated his Seventh Amendment right to a jury trial, and his Tenth Amendment rights. Id. at 22. Finally, plaintiff alleges that the district judge "violated his *de novo* respon[s]ibilities." Id. at 22. Plaintiff seeks injunctive relief – the reopening and adjudication of 2:13-cv-0043 – along with declaratory relief, and the costs of litigation. Id. at 20.

### III.  ANALYSIS

Federal judges are absolutely immune from suit where, as here, they are sued for their judicial actions. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (citing Forrester v.

3

1  White, 484 U.S. 219, 227-229 (1988) and Stump v. Sparkman, 435 U.S. 349, 356-57 (1978));

2  Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal judge enjoys

3  absolute judicial immunity when sued for actions that "were judicial in nature and were not done

4  in clear absence of all jurisdiction"). Moreover, this immunity exists for suits such as this one,

5  seeking only injunctive and declaratory relief. Mullis v. U.S. Bankruptcy Court for Dist. of

6  Nevada 828 F.2d 1385, 1394 (9th Cir. 1987) ("We hold that when a person who is alleged to have

7  caused a deprivation of constitutional rights while acting under color of federal law can

8  successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar

9  declaratory and injunctive relief"), cert. denied, 486 U.S. 1040 (1988).[1]

10  Because the only defendants named in this lawsuit are absolutely immune from this

11  lawsuit, it is frivolous, fails to state a claim upon which relief can be granted, and should be

12  dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

13  For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's application to

14  proceed in forma pauperis (ECF No. 2) is GRANTED, and

15  IT IS HEREBY RECOMMENDED THAT plaintiff's complaint be DISMISSED with

16  prejudice.

17  These findings and recommendations are submitted to the United States District Judge

18  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)

19  days after being served with these findings and recommendations, plaintiff may file written

20  objections with the court. Such document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations." Plaintiff is advised that failure to file objections within the

22  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

23  F.2d 1153 (9th Cir. 1991).

24  DATED: August 11, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Mullis distinguished Pulliam v. Allen, 466 U.S. 522 (1984), which declined to extend absolute judicial immunity from injunctive actions to a state Magistrate. Mullis, 828 F.2d at 1391-94.